IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEY HOFFMAN, | : | CIVIL ACTION NO. 1:25-CV-1184 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| FIRETREE/CAPITOL PAVILION and | : | |
| MR. MADISON, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is a Report and Recommendation ("R&R") (Doc. 24) of Chief Magistrate Judge Daryl F. Bloom, wherein Judge Bloom recommends that the court dismiss this case with prejudice. Judge Bloom found that, despite repeated attempts to correct his complaint, *pro se* plaintiff Joey Hoffman has failed to state a cognizable federal claim. Hoffman filed timely objections (Doc. 27) and this matter is ripe for disposition.

Hoffman alleges that while he was staying at a halfway house, defendant Firetree/Capitol Pavilion, the staff there, notably other defendant Mr. Madison, refused to issue Hoffman a day pass so he could leave the facility. (Doc. 23 ¶¶ 4-7). Hoffman needed to leave because he had to register in person to be a sex offender. (Id. ¶ 7). Because no one let him leave, Hoffman failed to register on time. (Id. at ECF 3-4). Hoffman then filed this lawsuit pursuit to 42 U.S.C. § 1983.

Judge Bloom recommends dismissing this case because Hoffman has not adequately alleged that any defendant was acting under color of state law, a prerequisite for a 1983 suit. (Doc. 24 at 7). He is correct. For a defendant to be liable

under Section 1983, they must deprive someone of their constitutional rights while acting under the color of state law. See 42 U.S.C. § 1983. An individual "acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk Cnty. v. Dodson, 454 U.S. 312, 317-18 (1981) (citation omitted).

Here, Hoffman's amended complaint makes no mention of why he was at the halfway house to begin with. Simply put, Section 1983 does not create liability when private individuals violate the rights of others. Additionally, as Judge Bloom noted, even if Hoffman were ordered to be at the halfway house, such a connection is still typically too tenuous to show a connection to the state. (Doc. 24 at 7 n.28 (citing Hines v. Sammons, 2022 WL 17752322, at *2 & n.2 (D. Del. Dec. 19, 2022)). Hoffman is free to pursue civil claims against the defendants in state court, but nothing in his complaint, nor his objections establish a federal case under Section 1983. Therefore, the court will dismiss Hoffman's amended complaint with prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

June 9th, 2026

2